UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KERRY WILLIAMS

VERSUS

MANHATTAN CONSTRUCTION, INC.

CIVIL ACTION

NUMBER 13-782-SDD-SCR

## **RULING MOTION TO COMPEL DISCOVERY**

Before the court is defendant Manhattan Constructions Company, Inc.'s the Motion to Compel. Record document number 13. No opposition has been filed.

Defendant filed this motion to compel plaintiff Kerry Williams to respond to its first set of discovery requests served on April 17, 2014.[1] After no responses were received, the defendant's attorney attempted to obtain the discovery responses before filing this motion, as required by Rule 37, Fed.R.Civ.P.[2] On June 11, 2014 the plaintiff's attorney indicated that the discovery responses would be provided "soon" but did not commit to a specific date. A followup letter sent on June 26, 2014 did not result in production of the plaintiff's discovery responses. This motion was filed on July 3, 2014.

Despite the defendant's efforts to obtain his discovery responses, the plaintiff has not serve answers to interrogatories

---

[1] Record document number 13-2, Exhibit 1.

[2] Record document number 13-3, Exhibit 2; record document number 13-4, Exhibit 3.

or produce responsive documents.  Nor has the plaintiff responded to this motion or otherwise furnished any information indicating when his discovery responses will be provided.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order requiring the plaintiff to respond and imposing sanctions.  Plaintiff will be required to provide answers the interrogatories and produce responsive documents within 10 days.  Plaintiff shall also sign and return to the defendant's attorney the authorizations to disclose and use health, employment and tax records and information which were served with the discovery requests.  No objections will be allowed.[3]

Defendant also sought an award of expenses, including attorney's fees.  Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).  Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court

---

[3] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

action.  Nothing in the record indicates that the plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3).  Defendant did not claim a specific amount of expenses incurred in filing this motion.  A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, defendant Manhattan Constructions Company, Inc.'s the Motion to Compel is granted.  Plaintiff shall serve his answers to the defendant's first set of interrogatories, produce documents responsive to the first set of requests for production of documents, and sign and return to the defendant's attorney the authorizations to disclose and use health, employment and tax records and information which were served with the discovery requests, all without objections and within 10 days.  Pursuant to Rule 37(d)(3), the plaintiff shall pay to the defendant, within 10 days, its reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, July 29, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE